# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-1181

_____

Lachonne Bell,

   Appellant,

  v.

Allstate Life Insurance Company;
Sears Roebuck & Company,

   Appellees.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: June 12, 1998
Filed: November 12, 1998

_____

Before HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER,[1] District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

Lachonne Bell appeals the grant of summary judgment by the United States District Court for the Eastern District of Arkansas[2] in this diversity case in which she sought payment under two accidental death insurance policies upon the death of her ex-husband. Bell also appeals the district court's denial of her motion to amend her complaint. We affirm.

## I.

Lachonne Bell purchased two insurance policies from Allstate Life Insurance Company (Allstate) under master group policies. Sears Roebuck & Company (Sears) was the policyholder in each case. One policy was an Accidental Death and Dismemberment policy, effective January 11, 1994, and the other was an Accidental Death policy, effective March 17, 1994. Both policies listed Lachonne Bell as the primary insured and defined "insured person" to include "you" (defined as the primary insured) and "if covered, your spouse."

Lachonne Bell married Earl Bell on July 31, 1983. They were divorced on December 8, 1994, and Earl Bell died on June 30, 1995. Lachonne Bell filed a claim under both policies but was denied coverage because she was not married to Earl at the time of his death and thus, he was not her spouse and not covered under the policies.

On March 20, 1997, Bell filed this diversity action to recover on the policies. Defendants moved for summary judgment on October 24, 1997, the last day for filing motions under the court's scheduling order. Bell filed a motion to amend her original complaint on October 30, 1997, four working days after the court's motion cutoff deadline, seeking to add allegations that Allstate had illegally marketed the policies and that the policies violated Arkansas law by not including a conversion privilege. The

_____

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

district court denied the motion to amend and granted summary judgment in favor of the defendants on November 26, 1997.

## II.

### A.    Leave to Amend Complaint

Bell argues that the district court abused its discretion by denying her motion to amend her complaint. A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion. See Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993); Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981). After an answer has been filed in response to the plaintiff's complaint, the plaintiff "may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Proper justification for denying such a motion includes: "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Delay alone is insufficient justification; prejudice to the nonmovant must also be shown. See Buder, 644 F.2d at 694 (finding that delay coupled with a mere recitation of prejudice by the district court was insufficient to pass scrutiny); Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp., 542 F.2d 1010, 1012 (8th Cir. 1976) (holding that delay alone is not enough to deny a motion to amend). Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment. Buder, 644 F.2d at 694.

Bell filed her motion four working days after the motion cutoff date, certainly not late enough alone to be prejudicial. However, it was also after the discovery deadline and five weeks before trial. While the original complaint sought payment on the policies, the amendment alleged illegal activity in the marketing of the policies as well

3

as violations of Arkansas law regarding the content of the policies. Cases in which an abuse of discretion has been found generally involve amendments based on facts similar to the original complaint. See Sanders v. Clemco Indus., 823 F.2d 214, 216-17 (8th Cir. 1987) (finding abuse of discretion where a party was not allowed to amend his complaint to properly plead diversity as the basis for jurisdiction); Buder, 644 F.2d at 694-95 & n.5 (finding abuse where a plaintiff was not allowed to amend his complaint to plead fraud based on facts substantially similar to his previously pled securities law claim). On the other hand, when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion due to the prejudice involved. See Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 448 (8th Cir. 1995) (finding no abuse of discretion where trial was less than a month away, the discovery deadline was within a week of the motion to amend, and the amendment, adding a new theory of recovery, would leave the opposing party inadequate time to prepare); Vitale v. Aetna Cas. & Sur. Co., 814 F.2d 1242, 1252 (8th Cir. 1987) (finding no abuse where the motion was made less than two months before trial, no reason was given for the delay, and the amendment may have required additional discovery on the new factual allegations). The amendments sought in this case would require additional discovery by the parties. They would require a review of the marketing of the policies as well as an evaluation of specific provisions of the policies for compliance with Arkansas insurance law. The district court found that if it allowed the amendment, it would require an extension of the already expired deadline for motions. The issues raised by the proposed amendment involve different factual and legal issues than the allegations in the original complaint.

The district court denied Bell's motion because of undue delay, prejudice to the defendants in having to reopen discovery on new substantive claims so close to the trial date, and because the only reason for the untimeliness of the motion was Bell's lack of due diligence. Bell argues that her new claims have merit and she will be greatly prejudiced if the amendment is denied because the new claims are her only hope for

4

victory on the merits. While this may or may not be true, the district court provided adequate justification for its ruling.

Bell also argues the district court should have reopened discovery in lieu of denying the motion. It is within the district court's discretion to extend discovery, grant a continuance, or require the moving party to compensate the opposing party for any losses caused by allowing the amendment. See Buder, 644 F.2d at 694. But it is just that--the district court's discretion. We are unable to say on these facts that the district court abused its discretion in denying Bell's motion to amend her complaint.

**B.      Summary Judgment**

Bell appeals the district court's grant of summary judgment on her claims as originally filed, arguing that the alleged illegal activities of the defendants in relation to the insurance policies raise a genuine issue of material fact regarding her recovery under the policies. We review a grant of summary judgment de novo, see Dupps v. Travelers Ins. Co., 80 F.3d 312, 313 (8th Cir. 1996), viewing the record in the light most favorable to Bell, the nonmoving party. Summary judgment is appropriate if there are no genuine issues of material fact in the record and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

State law controls the construction of insurance policies when a federal court is exercising diversity jurisdiction. Langley v. Allstate Ins. Co., 995 F.2d 841, 844 (8th Cir. 1993) (citations omitted). We review the district court's interpretation of Arkansas law de novo. Dupps, 80 F.3d at 313. Arkansas courts follow a long-standing rule that the language of an insurance policy controls if the terms are clear and unambiguous. Courts refuse to rewrite the policy to make an insurer liable for a risk that is plainly excluded. See Vincent v. Prudential Ins. Brokerage, 970 S.W.2d 215, 216 (Ark. 1998); Smith v. Shelter Mut. Ins. Co., 937 S.W.2d 180, 181-82 (Ark. 1997). Words are to be

construed in their "plain, ordinary, popular sense."  Langley, 995 F.2d at 844-45 (internal quotations omitted).

Both policies in question name Lachonne Bell as the "primary insured."  The Certificate of Insurance defines "primary insured" to be "you, the individual named on the certificate," and defines "insured person" to be "you, and if covered, your spouse."  There is nothing ambiguous about this language, taken in its ordinary sense.  See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2208 (1986) (defining "spouse" as a "man or woman joined in wedlock: married person: husband, wife").  Lachonne and Earl Bell were divorced December 8, 1994.  Earl Bell died June 30, 1995.  Earl Bell was not an "insured person" under either policy since he was neither the individual named on the certificate nor the spouse of that person at the time of his death.  Because there is no genuine issue of material fact regarding the coverage of Earl Bell, summary judgment was appropriate.

Bell argues that summary judgment was inappropriate because, as she alleges, the insurance policies were illegally marketed and violated various Arkansas statutes.  Because the district court denied her request to amend the complaint, which we affirm, these claims are not part of the record, see Fed. R. Civ. P. 56(c), and are not considered when determining the summary judgment motion.

## III.

For the reasons stated above, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

6