# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1655

_____

Roselyn Daniels,                *
                                     *

             Appellant,        *

                                     *     Appeal from the United States

      v.                            *     District Court for the District

                                     *     of South Dakota.

Wyodak Resources Development;    *

Black Hills Corporation,         *        [UNPUBLISHED]

                                     *

             Appellees.        *

_____

Submitted:  October 22, 1999
Filed:   October 28, 1999

_____

Before McMILLIAN, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Roselyn Daniels appeals the district court's denial of Daniels's motion to amend her complaint to add claims of sexual harassment and pregnancy discrimination. Having carefully reviewed the record and the parties' arguments, we conclude the district court did not abuse its discretion in refusing to allow Daniels to amend her complaint. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) ("Proper justification for denying [a motion to amend] includes:  'undue delay [or] futility of amendment.'").  As the district court stated, the motion to amend was untimely, having been made almost four months after the court-extended deadline for

motions had passed and more than five months after the discovery deadline had expired, and would have prejudiced Wyodak Resources Development (Wyodak) and Black Hills Corporation (Black Hills) because the proposed amendment involved different factual and legal issues than those alleged in the original complaint and would have required additional discovery.  See id.  As the district court also concluded, the motion to amend would have been futile because Daniels did not properly present her proposed claims of sexual harassment and pregnancy discrimination to the EEOC before filing this action in the district court.  See Shempert v. Harwick Chem. Corp., 151 F.3d 793, 796-97 (8th Cir. 1998) (employer entitled to summary judgment because employee did not present her Title VII claims in valid administrative charge to EEOC), cert. denied, 119 S. Ct. 1028 (1999).

Daniels also appeals the district court's grant of summary judgment to Wyodak and Black Hills on Daniels's gender discrimination claim.  Having made a thorough inquiry, we conclude the district court is correct and the record supports the district court's ruling.  Because the parties' submissions show they are familiar with the issues before this court and the law that controls our decision, we believe an extended discussion would serve no useful purpose.  We thus affirm for the reasons set out in the district court's order.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.