# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1593

_____

| | | |
|---|---|---|
| Miriam Dennis, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Dillard Department Stores, Inc., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 16, 2000

Filed: March 28, 2000

_____

Before BEAM, HEANEY and HANSEN, Circuit Judges.

_____

HEANEY, Circuit Judge.

Miriam Dennis sued Dillard's Department Stores ("Dillard's") under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 (1999), the Equal Pay Act (EPA), 29 U.S.C. § 206 (1999), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1999), and the Missouri Human Rights Act (MHRA), Mo. Ann. Stat. § 213.010-213.137 (West 1996). Prior to trial, the district court denied Dillard's motion for leave to amend its answer to include an affirmative defense to Dennis' EPA claim. During trial, it also denied Dillard's motion for a judgment as a matter of law on whether Dillard's willfully violated the EPA. The jury returned a verdict for Dennis

on her EPA claim, and the district court entered a $33,914 judgment against Dillard's. The district court also awarded an equal amount in liquidated damages. Dillard's appeals the district court's: (1) denial of its motion for leave to amend its answer, (2) denial of its motion for a judgment as a matter of law, and (3) liquidated damages award. We reverse and remand for a new trial

## BACKGROUND

In the early 1980s, Dennis was employed by Dillard's St. Louis division as a Special Events Manager, where she reported to the Director of Special Events, Peggy Kahle. In late 1986 or early 1987, Kahle left Dillard's, and Harry Passow, the president of Dillard's St. Louis division, transferred Ray Pape to fill Kahle's position. Pape had been employed by Dillard's for over twenty years, and prior to the transfer, he served as Director of Visual Merchandising, a position with greater responsibilities than those he assumed as Director of Special Events. Despite his reduced responsibilities, Pape continued to receive his annual salary of $50,500.

Pape passed away in 1993, and Passow selected Dennis as the Director of Special Events. Her annual salary was $31,000. Dennis informed Dillard's that she felt her salary was too low for the responsibilities she assumed in the new position. In March 1994, Dennis received a small pay increase, but her later requests for a salary increase were denied.

In March 1996, Dillard's consolidated its St. Louis and Cleveland divisions, thereby merging the Director of Special Events' positions. The Director of Special Events for the Cleveland division, Barbara McCort, was selected over Dennis for the consolidated position. Dennis left Dillard's immediately thereafter.

In August 1996, Dennis filed discrimination charges with the Equal Employment Opportunity Commission (EEOC), and on July 8, 1997, brought suit against Dillard's,

claiming that Dillard's discriminated against her in violation of the ADEA, EPA, Title VII and the MHRA.[1]  Dennis contends that she was paid less than her male predecessor because of her gender and was terminated because of her age.

Dillard's filed its answer on September 8, 1997, but failed to plead the affirmative defense to Dennis' EPA claim that a factor other than sex was the reason for the pay disparity.  The parties conducted discovery until it closed on June 24, 1998, and the trial was scheduled to begin on November 2, 1998.  On August 10, 1998, however, Dillard's filed a motion for leave to amend its answer to include the following defense:

> As an affirmative defense, defendant asserts that any difference in pay between plaintiff and her male predecessor was based upon a factor other than sex, specifically, that plaintiff's predecessor was moved into the position in question from a higher paying position, and his pay was not reduced as a result because he was a long-term employee of defendant. Plaintiff's predecessor was a validly red-circled[2] employee.

(Def.'s Mot. Leave to Amend at 1 (footnote added).)  The district court denied the motion, citing Dennis' assertion that she would be prejudiced if the motion were granted because trial was scheduled to begin in less than three months; discovery had closed; and Dillard's had fully briefed its summary judgment motion.

During trial, Dillard's attempted to introduce evidence regarding Pape's employment history and responsibilities as Director of Visual Merchandising. Dennis objected on the ground that Dillard's was attempting to introduce evidence to prove an affirmative defense not raised in its pleadings.  The district court sustained her objection.  Also during trial, Dillard's twice moved for a judgment as a matter of law

---

[1] Dennis voluntarily dismissed her Title VII and MHRA claims prior to trial.

[2] Red circling is the practice of lawfully maintaining higher than normal wage rates.  See Gosa v. Bryce Hosp., 780 F.2d 917, 918 (11th Cir. 1986).

on whether Dillard's willfully violated the EPA. Both motions were denied. The jury found Dillard's liable only on Dennis' EPA claim. Dillard's renewed its motion for a judgment as a matter of law on the issue of willfulness, and alternately moved for a new trial. Both motions were denied.

The district court entered a $33,914 judgment against Dillard's. Dennis then moved for liquidated damages pursuant to 29 U.S.C. § 216(b), which the district court granted in an equal amount. Dillard's appeals.

## DISCUSSION

Dillard's first argues that the district court erred by denying its motion for leave to amend its answer to include a "factor other than sex" defense. We review, for an abuse of discretion, a district court's denial of a party's motion seeking leave to amend a pleading. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987).

The Federal Rules of Civil Procedure liberally permit amendments to pleadings. In cases such as this, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A district court can refuse to grant leave to amend a pleading only where it will result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). However, delay alone is insufficient to deny a motion for leave to amend. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981). Rather, the party opposing the motion must show it will be unfairly prejudiced. See Mercantile Trust Co. v. Inland Marine Prods. Corp., 542 F.2d 1010, 1012 (8th Cir. 1976).

Dillard's contends that it inadvertently omitted the "factor other than sex" defense, and that the omission was an oversight, unrealized until Dennis pointed it out in her response to Dillard's summary judgment motion. Additionally, Dillard's argues that granting its motion for leave to amend would not have unfairly prejudiced Dennis. Dillard's notes that during discovery, Dennis deposed two relevant witnesses, Passow and Howard Hall, Dennis' immediate supervisor, on the reasons why she was paid less than her male predecessor. Thus, Dillard's claims, Dennis could not have been surprised by the "factor other than sex" defense. Further, it notes that if Dennis were surprised, ample time remained before trial for her to conduct additional discovery.

Dennis, on the other hand, argues that she would have been prejudiced if Dillard's motion were granted. She argues that discovery had closed, and that reopening discovery would have required her to incur additional, unnecessary expense and would have delayed trial.

We do not believe unfair prejudice would have resulted in this case. First, although discovery had closed, the district court had discretion to reopen it for the limited purpose of exploring the additional defense. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998). We note that an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." United States v. Continental Ill. Nat'l Bank & Trust Co., 889 F. 2d 1248, 1255 (2d Cir. 1989).

Second, at the time Dillard's filed its motion, almost three months remained until trial. Dennis previously deposed Passow and Hall on the reasons for the pay disparity, and if she needed to redepose them, three months was ample time for her to do so. Given the limited purpose for which discovery would have been reopened in this case, it likely could have been conducted without undue delay. In addition, the district court had discretion to order Dillard's to pay any costs incurred by Dennis as a result of additional discovery. See Bell, 160 F.3d at 455 (stating that district court has discretion

to require moving party to compensate opposing party for expenses incurred as result of allowing amendment); see also Fed. R. Civ. P. 15(a).

Because Dillard's did not in bad faith omit the "factor other than sex" defense and because Dennis would not have been unfairly prejudiced, the district court abused its discretion by denying Dillard's motion for leave to amend its answer. Furthermore, the "factor other than sex" defense is a complete defense to liability under the EPA. See 29 U.S.C. § 206(d)(1). Although the jury may have rendered the same verdict if Dillard's were permitted to present this additional defense, we cannot be sure, and therefore, the district court's judgment cannot stand. Accordingly, we reverse and remand for a new trial.

Dillard's also appeals the district court's denial of its motion for a judgment as a matter of law and liquidated damages award. Because we reverse and remand for a new trial, we need not address these remaining issues.

The judgment of the district court is reversed, and the case remanded for a new trial.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.