# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3350

_____

George Hannett,             *
                              *
        Appellant,     *
                              *
     v.                * Appeal from the United States
                              * District Court for the
John Langland,        * Eastern District of Missouri
                              *
                              * [UNPUBLISHED]
        Appellee.      *

_____

Submitted:   August 4, 2000

Filed:   October 20, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

George Hannett appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri dismissing his pro se civil rights action. For reversal, Hannett argues the district court erred in denying him leave to file an amended

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

complaint to add new parties prior to dismissal. For the reasons discussed below, we affirm the judgment of the district court.

In March 1996 Hannett filed this complaint and amended it twice. In November 1997 counsel was appointed, and was granted thirty days to file an amended complaint. Counsel, however, did not do so. The following year Hannett stipulated to dismissal of the claims against all but one named defendant, as to whom service of process was never obtained.

On June 22, 1999, Hannett's counsel sought leave to file an amended complaint but did not present a proposed amendment. The court denied counsel's request, and dismissed Hannett's action without prejudice for failure to comply with a previous order requiring him to obtain service on the remaining defendant.

We conclude the district court did not abuse its discretion in denying leave to amend, see Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000), given counsel's failure to submit the proposed amended complaint with his oral motion, or even to indicate what the amended complaint would contain or against whom specifically it would be brought, see Wolgin v. Simon, 722 F.2d 389, 394-95 (8th Cir. 1984).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.