Fran HISLER, Plaintiff,

v.

GALLAUDET UNIVERSITY, Defendant.

No. CIV. A. 99–2387.

United States District Court,
District of Columbia.

Jan. 10, 2002.

---

Denise Marie Clark, Feder & Semo, P.C., Washington, DC, Mindy Gae Farber, Jacobs, Jacobs & Farber, Rockville, MD, Michael Jackson Beattie, Fairfax, VA, for plaintiff.

Christopher E. Hassell, Bonner, Kiernan, Trebach & Crociata, Washington, DC, for defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I. INTRODUCTION

The plaintiff, Fran Hisler ("the plaintiff"), brings this action against her employer, Gallaudet University ("the defendant"), alleging discrimination based on disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101–12213 ("the ADA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701–796i ("the RA"). The plaintiff seeks the court's leave to file her first amended complaint, which would add a count for failure to provide notice of rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 (commonly known as "COBRA"), and a count for failure to award appropriate pension credits. The defendant argues that the court should deny the plaintiff's motion because (1)

the plaintiff is seeking to add new causes of action; (2) granting the plaintiff's motion will unjustly prejudice the defendant, and; (3) the plaintiff fails to provide sufficient justification for allowing the amendment. Upon consideration of the parties' submissions and the relevant law, the court will grant the plaintiff's motion.

### II. BACKGROUND

By way of background, the plaintiff originally filed the complaint on September 8, 1999, alleging violations of both the ADA and the RA. *See* Compl. ¶ 1. On October 22, 1999, then-counsel for the plaintiff filed a motion for leave to withdraw from the case, which the court granted. *See* Order dated December 6, 1999. On November 15, 1999, the defendant filed its answer to the plaintiff's complaint. On November 29, 1999, new counsel entered an appearance for the plaintiff. On February 9, 2000, the plaintiff's new counsel filed a motion for leave to withdraw from the case, which the court also granted. *See* Order dated July 26, 2000.

On July 28, 2000, the court issued an order staying and administratively closing the case until the plaintiff was able to secure new representation. The defendant filed a motion to dismiss for failure to prosecute the case on November 30, 2000. Because the matter had been stayed for more than four months and because the plaintiff had not notified the court that she had secured new counsel for the case, the court issued an order for the plaintiff to show cause as to why the court should not dismiss the action. *See* Order dated November 30, 2000. The plaintiff filed her response to the court's show cause order on January 8, 2001, and indicated that she would proceed *pro se* if necessary. By its order dated April 6, 2001, the court denied the defendant's motion to dismiss for failure to prosecute.

Proceeding on track with the case, the court issued its initial scheduling and procedures order at the initial status hearing held on May 3, 2001, which stated that motions to amend pleadings "shall be due on or before July 16, 2001." On July 16, 2001, an attorney appearance was filed by new counsel for the plaintiff along with the plaintiff's motion for

leave to file an amended complaint. Further, the defendant filed a motion to enlarge the time period for discovery in the case on November 27, 2001. The plaintiff's motion for leave to file an amended complaint is presently before the court. For the reasons that follow, the court will grant the plaintiff's motion.

## III. ANALYSIS

### A. Legal Standard for a Motion to Amend

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that a plaintiff should be allowed to vacate a judgment and amend the complaint to proceed under a new legal theory). A motion for leave to amend should not be denied solely because it asserts new causes of action. *See Liberty Lobby, Inc. v. Dow Jones & Co.*, 638 F.Supp. 1149, 1150–1151 (D.D.C.1986). A court may grant a party leave to amend a pleading to amplify or elaborate on a previously alleged claim. *See Clay v. Martin*, 509 F.2d 109, 113–114 (2d Cir.1975); *Price v. Kelly*, 847 F.Supp. 163, 164 n. 1 (D.D.C.1994) (stating that the court would grant the plaintiff leave to allege additional facts). It is an abuse of discretion by the court to deny leave to amend unless there is a sufficiently compelling reason, such as "undue delay, bad faith, or dilatory motive[,] ... repeated failure to cure deficiencies by [previous] amendments[,] ... [or] futility of amendment." *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman* and stating that denying leave without providing reasons for doing so is an abuse of discretion).

### B. The Court Grants the Plaintiff Leave to Amend the Complaint

The defendant argues that permitting the plaintiff to amend her complaint would unjustly prejudice the defendant because of the delay in the proceedings and unanticipated expense in defending the plaintiff's newly asserted claims. *See* Def.'s Opp'n at 3–4. The defendant, however, fails to cite to one case where a motion for leave to amend was denied on facts similar to those of the present case.

The single case cited in the defendant's brief, *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243 (D.C.Cir.1987), is easily distinguishable from the case at bar. In *Williamsburg*, the plaintiff moved to amend the complaint more than seven years after the filing of the original complaint. *See id.* at 247. The parties had already conducted extensive discovery, and the district court had already granted summary judgment against the plaintiff. *See id.* In the motion to amend, that plaintiff offered no explanation for its tardiness in filing the motion. *See id.* The D.C. Circuit ruled that the plaintiff had "abundant opportunity" to raise the issue and therefore affirmed the district court's denial of the motion. *See id.*

For obvious reasons, the facts in the present case vary from those in *Williamsburg*. Here, slightly more than two years have passed since the initial filing of the plaintiff's complaint. *But see id.* Furthermore, no final judgment has been issued in this case. *But see id.* The plaintiff explains that she did not submit her motion earlier due to difficulties with "short-term legal representation and the burden of proceeding *pro se*." *See* Pl.'s Resp. at 5; *but see Williamsburg Wax Museum*, 810 F.2d at 247. Given these difficulties, the court believes that the plaintiff has not previously had "abundant opportunity" to raise the issues which she is attempting to raise by amending her complaint. *But see Williamsburg Wax Museum*, 810 F.2d at 247; *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.1994) (stating that denial of leave to amend is appropriate where a plaintiff has had two previous amendments coupled with delay); *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir.1990) (holding that a court may deny leave to amend when the moving party had the opportunity to amend earlier but waited after judgment to do so);

The court now turns to the defendant's allegations that granting the plaintiff's motion would unjustly prejudice the defendant.

*See* Def.'s Opp'n at 3. As mentioned earlier, the defendant asserts that by allowing the plaintiff to amend her complaint, the defendant will be forced to "incur further unanticipated expense" resulting from "additional written discovery," a "lengthy investigation," and the need to prepare responsive pleadings. *See* Def.'s Opp'n at 4. These purported results, however, would likely stem from an amendment asserting additional causes of action in almost *any* case. As such, if this court were to employ a policy of denying plaintiffs leave to amend in every situation where an amended complaint may result in additional discovery or expense, then this court would fail to abide by the legal standard of granting leave "freely ... when justice so requires." *See* Fed.R.Civ.P. 15(a); *Liberty Lobby Inc.*, 638 F.Supp. at 1150–1151 (dismissing complaint *after* a plaintiff had been allowed to assert four additional causes of action). Indeed, for this court to find otherwise would run afoul of the federal rules and the policy undergirding the authority in this area of law.

■ In the instant case, the two counts which the plaintiff seeks to add to her complaint contain a total of five additional factual allegations. *Compare* Pl.'s Proposed Am. Compl. with Compl. The discovery resulting from these allegations does not place an unjust burden on the defendant, especially in light of the plaintiffs claim that the evidence that would tend to prove or disprove those allegations is likely to be found in the defendant's employment records and are therefore easily accessible by the defendant. *See* Pl.'s Resp. at 4. The plaintiff also adds that the defendant's requests for document production in the case were broad enough to uncover evidence related to the additional allegations proposed by the plaintiff. *See id.* Simply put, the plaintiff proffers that the proposed additional counts would not require the extensive discovery that the defendant otherwise claims. *See id.* Notwithstanding the plaintiff's assurances that the additional counts would not require extensive discovery, the court notes that an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *See United States v. Continental Ill. Nat'l Bank & Trust Co.*, 889

F.2d 1248, 1255 (2d Cir.1989). Further, even though discovery has closed in the case, the court has the discretion to reopen discovery for the limited purpose of exploring the additional allegations proposed by the plaintiff. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 455 (8th Cir.1998). The court also notes that the defendant has filed a motion to enlarge the discovery period in the case. Accordingly, the court determines that the defendant will not be unjustly prejudiced by allowing the plaintiff to amend the complaint.

The defendant also opposes the plaintiff's motion on the ground that the "[p]laintiff seeks to add new causes of action ..." *See* Def.'s Opp'n at 1. Failing to explain why the court should deny an amended complaint on that basis, the defendant makes this assertion without providing any discussion, argument, or analysis of the point. The court can only speculate as to the reasons why the defendant opposes amendment on this ground, especially since courts have generally held otherwise. *See Chatin v. Coombe*, 186 F.3d 82, 86 (2d Cir.1999) (allowing a plaintiff leave to amend the complaint in order to add a claim); *Ruf v. American Broadcasting Co., Inc.*, 1999 U.S. Dist. LEXIS 1092 at *5–8 (D.D.C.1999) (Hogan, J.) (holding that a plaintiff should be allowed to amend the complaint to add a claim). Without engaging in speculation, the court recognizes that the plaintiff has been faced with deficits such as short term legal representation and the burden associated with proceeding as a *pro se* litigant. Along this line of reasoning, the court is mindful of the policy that an added measure of leniency is extended to *pro se* litigants respecting procedural requirements. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C.Cir.1993) (recognizing that courts freely grant *pro se* litigants leave to amend); *Nix v. Hoke*, 62 F.Supp.2d 110, 117 (D.D.C.1999) (Kennedy, J.) (citing to *Huskey v. Quinlan*, 785 F.Supp. 4, 6 (D.D.C.1992) (applying a lenient construction of procedural rules for a *pro se* litigant)). The court is also guided by the underlying purpose of Rule 15, which is to facilitate a decision on the merits of the case rather than on technicalities. *See FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935

(Fed.Cir.1995) (citing *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)). Also taking into consideration the fact that a pretrial order has not been issued and a trial date has yet to be scheduled in the case, it is evident that the litigation is still in its infancy and the plaintiff's proposed amendment would not stand in the way of allowing both parties a significant amount of time to prepare the case.

Finally, the defendant opposes the plaintiff's motion on the ground that the plaintiff "fails to provide sufficient justification for allowing the ... amendments." *See* Def.'s Opp'n at 1. As stated above, however, leave to amend is to be "freely given when justice so requires." *See* Fed R. Civ. P. 15(a). It would be an abuse of this court's discretion to deny leave without "sufficient reason such as 'undue delay, bad faith or dilatory motive[,] ... repeated failure to cure deficiencies by [previous] amendments[,] ... [or] futility of amendment.'" *Firestone,* 76 F.3d at 1208 (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227.). Since the defendant has not provided this court with such a sufficient reason, the court grants the plaintiff's motion for leave to amend the complaint.

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for leave to file an amended complaint. An order consistent with this Memorandum Opinion is separately and contemporaneously issued and executed this 10th day of January, 2002.