Carol VAN STELTON, Virgil Van Stelton and Alvin Van Stelton, Plaintiffs,

v.

Jerry VAN STELTON, Donna Van Stelton, Eugene Van Stelton, Gary Christians, Doug Weber, Scott Gries, Nate Krikke, Robert E. Hansen, Daniel Dekoter, Osceola County, Iowa, and Other Unidentified Persons and Entities, Defendants.

No. C11–4045–MWB.

United States District Court, N.D. Iowa, Western Division.

Nov. 9, 2012.

purchase price of the motor vehicle," and thus multiplied the fraction specified in the formula by the wrong amount.

Thomas P. Frerichs, Frerichs Law Office PC, Waterloo, IA, Wendy Alison Nora, Access Legal Services, Minneapolis, MN, for Plaintiffs.

Ronald J. Shea, Smith, Grigg, Shea & Klinker, PC, Primghar, IA, Scot L. Bauermeister, Fitzgibbons Bros Law Office, Estherville, IA, Andrea Michelle Smook, Stephen F. Avery, Cornwall, Avery, Bjornstad & Scott, Spencer, IA, Douglas L. Phillips, Klass Law Firm, L.L.P., James W. Redmond, Peter J. Leo, Heidman Law Firm, L.L.P., Sioux City, IA, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

Two related motions, both filed October 1, 2012, are before the court:

(1) Plaintiffs' motion (Doc. No. 40) for extension of scheduling order as to the Rule 26(f) meeting and plaintiffs' initial disclosure under FRCP 26(a) and renewed request for scheduling conference under FRCP 16(b) (the "Motion to Extend"); and

(2) Plaintiffs' motion (Doc. No. 41) for leave to file a second amended complaint (the "Motion to Amend").

The Motion to Extend is not resisted. All defendants resist the Motion to Amend (Doc. Nos. 43–46). No party has requested oral argument as to either motion and, in any event, the court finds that oral

argument is not necessary. Both motions are fully submitted.

### BACKGROUND

Plaintiffs filed this case on May 11, 2011. Their original complaint (Doc. No. 1) was filed *pro se* and includes the following counts: (a) a claim by all plaintiffs for relief under 42 U.S.C. § 1983, (b) claims by plaintiff Virgil Van Stelton for false arrest, malicious prosecution and loss of consortium, (c) claims by Virgil Van Stelton and Alvin Van Stelton for intentional infliction of emotional distress, slander and "Interference with Right to Petition for Redress of Grievances." The complaint's factual allegations are somewhat convoluted but generally indicate that a family inheritance dispute forms the background for a series of events that culminated in Virgil Van Stelton's arrest on May 11, 2009. In particular, plaintiffs Virgil Van Stelton and Alvin Van Stelton are brothers of defendants Jerry Van Stelton and Eugene Van Stelton and will sometimes be referred to collectively herein as the "Van Stelton brothers." The Van Stelton brothers are engaged in separate litigation concerning their now-deceased father's estate and/or trust.

Plaintiffs sought, and obtained, an extension of their deadline for serving the summons and complaint. They then filed an amended complaint (Doc. No. 6) on January 6, 2012. The amended complaint is similar to the original but adds plaintiff Carol Van Stelton as a claimant with regard to the claims for intentional infliction of emotional distress, loss of consortium and slander (renamed to "Slander and Libel").

The named defendants filed answers (Doc. Nos. 8, 9 and 14) and the parties then submitted a proposed scheduling order and discovery plan, which the court adopted and entered (Doc. No. 19) on March 12, 2012. Trial was scheduled to begin June 3, 2013 (Doc. No. 20).

In response to a motion by plaintiffs (Doc. No. 25) to extend deadlines, the court entered an order (Doc. No. 26) setting a scheduling conference on July 30, 2012. Before the conference, two attorneys filed appearances (Doc. Nos. 27, 28) for plaintiffs. After the conference, the court entered a new scheduling order and discovery plan (Doc. No. 32) that, among other things, established October 1, 2012, as the deadline for adding parties and amending pleadings. Because of the new scheduling order, trial has been rescheduled for September 23, 2013 (Doc. No. 33).

Plaintiffs, now acting through counsel, filed the pending motions on October 1, 2012. Their Motion to Amend includes a proposed second amended complaint that significantly expands on the factual allegations contained in the prior complaints and proposes the addition of a new party (the City of Sibley, Iowa). The new complaint contains the following causes of action, with each count having a unique combination of plaintiffs and defendants:

1. Civil rights violations under 42 U.S.C. § 1983

2. Violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act

3. False arrest

4. Malicious prosecution

5. Slander and libel

6. Tortious interference with prospective economic advantage

7. Declaratory judgment and injunctive relief

Doc. No. 41–1. In very general terms, the proposed new complaint alleges a conspiracy in which defendant Hansen, as the Os-

ceola County Attorney, and defendant Weber, as the Osceola County Sheriff, abuse their powers and official positions to reward friends and punish adversaries. Plaintiffs allege that defendant DeKoter, an attorney in private practice, is part of the favored group and, therefore, is able to employ the alleged conspiracy to benefit himself and his clients. According to the plaintiffs, DeKoter's clients include, or have included, defendants Jerry Van Stelton and Eugene Van Stelton, as wells as the trust established by the father of the Van Stelton brothers.

Plaintiffs further contend that DeKoter has used his relationship with the alleged Hansen–Weber conspiracy to cause actions that benefit the trust, and the Van Stelton defendants, while causing harm to the Van Stelton plaintiffs. For example, plaintiffs allege that DeKoter "encouraged the [Van Stelton defendants] to provoke incidents and make false reports" to Weber that led to plaintiff Virgil Van Stelton's arrest on May 11, 2009. Plaintiffs contend that Virgil Van Stelton was charged with Trespass and Assault Causing Bodily Injury but that all charges were later dismissed.

The proposed new complaint also includes sweeping allegations concerning the "Unified Law," which is described as the mechanism through which Osceola County funds governmental operations. Plaintiffs allege that the defendants are involved in a conspiracy to provide a disproportionate level of funding to the City of Sibley and that this alleged scheme somehow benefits certain of the individual defendants. Plaintiffs contend that they associate with a citizen's organization that opposes the alleged scheme and that this association provides additional motivation for the defendants to take illegal actions against them.

## ANALYSIS

### I. The Motion to Amend

The Motion to Amend is timely. As such, plaintiffs are not required to show good cause to allow the amendment under Rule 16(b), as would be the case if the motion was untimely. *See, e.g., Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008). The motion is instead governed by the more-liberal standard set forth in Rule 15(a), which provides that leave to amend a pleading shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). Defendants point out that even under this standard, a timely motion to amend may be denied on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998). In addition, a motion to amend a complaint may be denied when the plaintiff has been unable to cure deficiencies by amendments previously allowed. *Popoalii*, 512 F.3d at 497.

Defendants do not argue that the plaintiffs are acting in bad faith or with a dilatory motive. However, they do argue that the proposed amendment must be denied for all of the other grounds described in *Bell*. Having reviewed defendants' arguments, the court finds that the only ground worthy of significant discussion is futility. The court does not find undue delay by plaintiffs or undue prejudice to defendants with regard to the proposed new complaint. The Motion to Amend was filed timely and represents plaintiffs' first effort to state their claims through counsel. And while defendants would no doubt prefer to avoid defending the new and restated claims contained in the second amended complaint, no "undue" prejudice will result from a timely amendment filed nearly a year before the current

trial date.[1]

In addition, the court finds no merit in defendants' argument that the plaintiffs "have been unable to cure deficiencies by previous amendments." There has been only one prior amendment—an amendment as of right that was filed before any of the defendants appeared in this case. Defendants did not move under Rule 12(b)(6) to dismiss that amended complaint based on any pleading "deficiencies." This is not a situation in which the court has granted prior motions under Rule 12 and given plaintiffs multiple opportunities to recast their claims in order to cure pleading deficiencies. Defendants' argument that plaintiffs "have been unable to cure deficiencies by previous amendments" is puzzling, at best.

With regard to defendants' "futility" argument, a proposed amendment is futile if it could not survive a Rule 12 motion to dismiss. *See, e.g., In re Senior Cottages of Am., LLC,* 482 F.3d 997, 1001 (8th Cir. 2007); *Quality Refrigerated Services, Inc. v. City of Spencer,* 908 F.Supp. 1471, 1489 (N.D.Iowa 1995). Here, it is not certain that every count of the proposed Second Amended Complaint will survive a motion to dismiss. For example, plaintiffs' proposed RICO claim (Count 2) alleges a pattern of fraud committed by an alleged enterprise consisting of an association among defendants DeKoter, Weber and Hansen.[2] *See* Doc. No. 41–1 at ¶¶ 29–36,

76–86. As the Eighth Circuit has explained:

> Section 1962 of the RICO Act makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Nitro Distrib., Inc. v. Alticor, Inc.,* 565 F.3d 417, 428 (8th Cir.2009) (quoting 18 U.S.C. § 1962(c)). "RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions." *Dahlgren v. First Nat'l Bank of Holdrege,* 533 F.3d 681, 689 (8th Cir.2008) (quoting 18 U.S.C. § 1964(c)).... "A violation of § 1962(c) requires appellants to show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Nitro Distrib.,* 565 F.3d at 428 (*quoting Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (footnote omitted)).

> A RICO claim must be pleaded with particularity under Rule 9(b). *Id.* "Under Rule 9(b)'s heightened pleading standard, allegations of fraud ... [must] be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill [v. Terminix,*

---

1. Defendants exaggerate in stating that the plaintiffs seek to "expand upon the allegations Defendants have been preparing to defend for the better part of sixteen months." Doc. No. 43–1 at 6. While this case has been *on file* since May 2011, defendants were not served until late 2011 or early 2012 and filed their answers in January 2012.

2. Defendants did not specifically address the RICO claim in the "futility" section of their resistance brief. They did address a purport-

ed new cause of action for "Civil Conspiracy," Doc No. 43–1 at 3, but the proposed Second Amended Complaint contains no such cause of action. *See* Doc. No. 41–1. Even if defendants intended their argument to apply to the RICO claim, they did not cite any applicable RICO case law or otherwise explain why it would be impossible for the proposed RICO claim to survive a motion to dismiss.

*Inc.*], 637 F.3d [877,] 880 [ (8th Cir. 2011) ] (alteration in original) (citations and internal quotation marks omitted). *Crest Construction II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir.2011).

■ To properly plead a RICO enterprise, plaintiffs must allege the existence of an association that has (1) a common purpose that animates the individuals associated with it, (2) an ongoing organization with members who function as a continuing unit and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering. *See, e.g., United States v. Lee,* 374 F.3d 637, 647 (8th Cir.2004). To properly plead a pattern of racketeering activity, plaintiffs must allege two or more related, predicate acts of racketeering activity that either amount to or pose a threat of continued criminal activity. *Crest Const.,* 660 F.3d. at 356. The "continuity" element requires either "multiple predicate acts occurring over a substantial period of time (closed-end continuity) or evidence that the alleged predicate acts threaten to extend into the future (open-ended continuity)." *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.,* 528 F.3d 1001, 1028 (8th Cir.2008).

The court is not convinced that Count 2 of the proposed amendment sufficiently pleads these facts under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and Rule 9(b)'s particularly requirements. However, the defendants have not established that Count 2 stands no possible chance of surviving in a motion to dismiss. Indeed, even if the court were to determine, in response to a motion to dismiss, that Count 2 does not meet all RICO pleading requirements, the court would have the discretion to allow plaintiffs to cure the deficiencies. *See, e.g., North Central F.S., Inc. v. Brown,* 951 F.Supp. 1383, 1409 (N.D.Iowa 1996). At this stage of the case the court cannot declare that there are no circumstances under which Count 2 could survive a motion to dismiss.

■ Moreover, the potential vulnerability of one count does not render the entire amendment "futile." Defendants have not demonstrated that the other counts of the proposed Second Amended Complaint are futile. As noted above, some of those counts simply recast and add additional specificity to claims that are already in this case. Defendants did not attack those claims with a motion under Rule 12. In short, the court will not reject the proposed amendment on grounds of futility.

The Motion to Amend was filed in a timely manner. Defendants have failed to show that any of the available grounds for denying that motion are present in this case. As such, the court will grant the Motion to Amend.

### II.   *The Motion to Extend*

■ In their Motion to Extend, plaintiffs basically seek to do away with the existing scheduling order and discovery plan and start over in light of the facts that (a) they now have counsel and (b) they are seeking leave to amend their complaint and add a new party. Doc. No. 40. No defendant has resisted the Motion to Extend. Because plaintiffs will be allowed to file the proposed Second Amended Complaint, the court finds that the Motion to Extend should be granted. As such, the court will vacate the existing scheduling order and discovery plan, continue the trial date and direct the parties to prepare a new proposed scheduling order and discovery plan. However, the court will not, at this time, grant plaintiffs' motion for a Rule 16(b) scheduling conference. The court will review the parties' new proposed scheduling order and discovery plan before deciding whether such a conference is necessary.

## CONCLUSION

Plaintiffs' motion (Doc. No. 41) for leave to file a second amended complaint is **granted.** The Clerk is directed to docket the amended complaint (Doc. No. 41–1) submitted with the motion.

Plaintiffs' motion (Doc. No. 40) for extension of scheduling order as to the Rule 26(f) meeting and plaintiffs' initial disclosure under Rule 26(a) and for scheduling conference under Rule 16(b) is **granted in part** and **denied in part.** Specifically, the request for a scheduling conference is **denied** as premature. However, the existing scheduling order and discovery plan (Doc. No. 32) is hereby **vacated.** Trial, which is currently scheduled to begin September 23, 2013, is hereby **continued.** Counsel for all parties are ordered to meet and confer in accordance with Federal Rule of Civil Procedure 26(f) for purposes of discussing and preparing a new, proposed scheduling order and discovery plan. That document shall be submitted to the undersigned no later than **November 30, 2012.** If all parties are not able to agree on the contents of a joint proposed scheduling order and discovery plan, then the parties shall submit separate documents by that date. Upon review of the parties' submission(s), the court will determine the need for a Rule 16(b) scheduling conference.

**IT IS SO ORDERED.**