# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3608

_____

Russell E. Jones

*Plaintiff - Appellant*

v.

Faulkner County; Andy Shock, in his official and individual capacities; John Randall, in his official and individual capacities; Lloyd Vincent, in his official and individual capacities; John Does I - X

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 16, 2015
Filed: July 22, 2015
[Unpublished]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In October 2013, Russell Jones brought the instant 42 U.S.C. § 1983 suit claiming that defendants were deliberately indifferent to his serious medical needs. He also raised state-law claims of battery and false imprisonment. The district court

granted summary judgment for defendants and denied leave to amend, and Jones appeals. Having reviewed de novo the grant of summary judgment, see Murchison v. Rogers, 779 F.3d 882, 886-87 (8th Cir. 2015), and for abuse of discretion the denial of leave to amend, see Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark., 758 F.3d 1038, 1045 (8th Cir. 2014), we affirm in part, reverse in part, and remand for further proceedings.

The complaint alleged the following. On Friday, October 12, 2012, Jones was arrested and detained in Faulkner County Jail (Jail) for three days and three nights. Upon his arrival at the Jail, Jones informed deputies that he was epileptic and that it was imperative he take medication twice daily to prevent severe seizures; he provided the name of his doctor. Despite Jones's repeated requests, "defendants" refused to contact his doctor or pharmacy and withheld Jones's medication. As a result, Jones experienced multiple seizures during his three-day detention, including a convulsive seizure; nonetheless, "officials" did not pursue emergency medical care and continued to withhold his medication. On Monday, October 15, after Jones made a court appearance on the charges for which he had been arrested, a friend transported him to the hospital where physicians confirmed that Jones had suffered injuries caused by repeated seizures that could have been prevented by taking his medication.

Defendants moved for summary judgment, pointing to Jones's deposition testimony that he had never met defendants Shock, Randall, or Vincent, and that to his knowledge they had not acted or failed to act regarding his care while he was at the Jail. In September 2014, Jones moved to amend his complaint, asserting that after discovery he had been able to identify the persons responsible for his injuries--the defendants who had been listed as John Does in the initial complaint--and he wished to serve them with the complaint. He attached a proposed amended complaint containing the same allegations but naming an additional eight Jail employees, including officers responsible for overseeing the care and treatment of inmates, the Jail physician, and two nurses. To the proposed amended complaint, he attached an

"Inmate Incidents List" from Faulkner County Sheriff's Office containing statements from six Jail officers--some of the proposed new defendants--indicating that Jones had been in their care during the relevant time, and that they had witnessed his seizures.

The district court granted summary judgment for defendants, and denied leave to amend as untimely and futile. The court dismissed the section 1983 claims with prejudice, and declined supplemental jurisdiction over the state-law claims.

Upon careful review, we conclude that Shock, Randall, and Vincent were entitled to summary judgment in their individual capacities, because the undisputed evidence shows that they were not personally involved in the alleged deprivation of Jones's rights, and we find no evidence indicating they were on notice that training procedures or supervision was inadequate. See Beaulieu v. Ludeman, 690 F.3d 1017, 1030-31 (8th Cir. 2012) (failure-to-supervise claim requires showing deliberate indifference or tacit authorization of offensive acts); Clemons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (liability under § 1983 requires causal link to deprivation of rights). The claims against Faulkner County, and against defendants in their official capacities, also fail because nothing in the record shows that there existed an official county policy, or a pattern or practice, demonstrating inadequate training or supervision. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (official-capacity suits are treated as suits against official entity); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (county is liable under § 1983 only if alleged violation was committed pursuant to official custom, policy, or practice).

However, we conclude that the district court abused its discretion in denying leave to amend and dismissing the Doe defendants. See Fed. R. Civ. P. 15(a)(2). The court did not find that defendants would be prejudiced by the delay between the filing of the original complaint and Jones's motion to amend, see Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (delay alone is insufficient justification for

-3-

denying leave to amend; prejudice to nonmovant must be shown), and we cannot conclude that the amended complaint would have been futile, see Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 747, 755 (8th Cir. 2006) (de novo review of district court's conclusion that proposed amendment would be futile). The allegations in the amended complaint, taken as true, demonstrate that the defendants who were on duty at the Jail on the weekend of October 12-15, 2012--who were identified in the proposed amended complaint, and whose involvement in the alleged incidents was detailed in an attachment to the complaint--were aware of Jones's need for his medication, and witnessed his seizures, yet intentionally interfered with treatment by withholding the medication and refusing to provide emergency medical care. See Fed. R. Civ. P. 10(c) (copy of written instrument attached as exhibit to pleading is part of pleading for all purposes); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint has facial plausibility when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for misconduct); Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment).

Accordingly, the dismissal of the claims against the Doe Defendants is reversed and remanded for further proceedings, including consideration of any properly pleaded state law claims, see 28 U.S.C. § 1367, and after allowing Jones to amend his complaint as to those defendants. In all other respects, the judgment is affirmed.

_____