# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2856

_____

Larry Pohlmann,                 *

                                 *

     Plaintiff - Appellant,      *

                                 *   Appeal from the United States

    v.                         *   District Court for the

                                 *   Eastern District of Missouri.

Bil-Jax, Inc.,                *

                                 *

     Defendant - Appellee.     *

_____

Submitted:  February 10, 1999

Filed:  June 2, 1999

_____

Before WOLLMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

A scaffold collapsed in August 1989, injuring carpenter Larry Pohlmann. Pohlmann sued the manufacturer, Bil-Jax, Inc., in a Missouri state court. Bil-Jax answered, asserting lack of personal jurisdiction as a defense. After a trial, the jury returned a $2,000,000 verdict in favor of Pohlmann. The trial court ordered a new trial or a remittitur to $362,339. Pohlmann refused the remittitur and appealed the grant of a new trial. The Missouri Court of Appeals remanded with directions to dismiss the complaint "without prejudice" for lack of personal jurisdiction. <u>Pohlmann v. Bil-Jax, Inc.</u>, 954 S.W.2d 371, 374 (Mo. App. 1997).

Pohlmann then filed this action in Missouri state court. The second complaint recited the dismissal of his prior suit without prejudice, reasserted causes of action for strict liability and negligence, and added claims for punitive damages and prejudgment interest. Bil-Jax removed, invoking the district court's diversity jurisdiction, and moved to dismiss on the ground that the prior Missouri Court of Appeals decision precluded Pohlmann from relitigating the personal jurisdiction issue. The district court agreed, dismissing the complaint for lack of personal jurisdiction because "the personal jurisdiction issue has already been decided by the Missouri courts." Pohlmann appeals. Concluding that the preclusion issue is not so cut-and-dried, we reverse and remand.

The district court's jurisdiction over the person of defendant Bil-Jax in this diversity case turned on whether Bil-Jax was amenable to the personal jurisdiction of the state court and had been validly served prior to removal. See Fed. R. Civ. P. 4(k)(1)(A); Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97 (1987). To resolve that issue, we must determine whether Pohlmann's second suit is precluded because the Missouri Court of Appeals dismissed his first suit, without prejudice, for lack of personal jurisdiction. The district court correctly stated the governing principle of federal law -- "federal courts must give state court judgments the same preclusive effect they would be given by other courts in the state from which the judgment emerged." Butler v. City of North Little Rock, 980 F.2d 501, 503 (8th Cir. 1992).

Pohlmann argues the Missouri Court of Appeals decision is entitled to no preclusive effect because it was a dismissal without prejudice that did not adjudicate the merits of his claims and left him free to commence another action. We generally agree that dismissal of a case without prejudice does not result in *claim* preclusion (to use more venerable terminology, it creates no res judicata bar). But an *issue* actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties (in the older terminology, the first adjudication creates a collateral estoppel). Many cases have given this kind of preclusive effect to rulings on personal jurisdiction as well as other jurisdiction issues. See, e.g., Deckert v.

Wachovia Student Fin. Servs., 963 F.2d 816 (5th Cir. 1992); Kitces v. Wood, 917 F. Supp. 338 (D.N.J. 1996); 18 J. WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 132.03[5][c] (3d ed.1999). The Supreme Court of Missouri invoked this doctrine in holding that a dismissal without prejudice for lack of subject matter jurisdiction barred another action in Missouri for the same cause. See Healy v. Atchison, Topeka & Santa Fe R.R., 287 S.W.2d 813, 815 (Mo. 1956). Indeed, that Court has frequently noted the potential preclusive effect of non-merits dismissals in deciding that such dismissals are appealable orders. See Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 (Mo. banc 1997) (dismissal for lack of jurisdiction); Douglas v. Thompson, 286 S.W.2d 833, 834 (Mo. 1956) (dismissal because petition lacked required plaintiff's address). If the Missouri Supreme Court would apply this doctrine to preclude relitigation of the *issue* of personal jurisdiction, we must affirm.

Under Missouri law, the first question in deciding whether collateral estoppel applies is "whether the issue decided in the prior adjudication was identical with the issue presented in the present action." Oates v. Safeco Ins. Co., 583 S.W.2d 713, 719 (Mo. banc 1979). In this case, the district court defined "the issue" as "the question of personal jurisdiction in Missouri." But in Missouri, as in other jurisdictions, the issue of personal jurisdiction turns on whether the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*. See Bridges v. Bridges, 559 S.W.2d 753 (Mo. App. 1977); accord Klinghoffer v. S.N.C. Achille Lauro, 937 F.2d 44, 52 (2d Cir. 1991); ASARCO, Inc. v. Glenara, Ltd., 912 F.2d 784, 787 n.1 (5th Cir. 1990); 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1051, at 161-62 (2d ed. 1987). In some cases, resolving that issue requires findings as to the parties' contacts with the forum State "at the time of the events underlying the dispute." Steel v. United States, 813 F.2d 1545, 1549 (9th Cir. 1987). But the court's personal jurisdiction is time sensitive in each case. The issue of whether the Missouri trial court had personal jurisdiction over Bil-Jax when Pohlmann commenced his first suit in November 1993 is *not* identical to the issue whether that court had personal jurisdiction over Bil-Jax when the second suit was filed

-3-

in December 1997.  Thus, collateral estoppel does not apply so as to preclude, to use the district court's phrase, "the question of personal jurisdiction in Missouri."

This proposition is demonstrated by hypothetically changing a critical fact in one of the above-cited cases.  In Kitces v. Wood, 917 F. Supp. at 340, a New Jersey plaintiff sued a Pennsylvania defendant for an auto accident that occurred on a bridge between New Jersey and Pennsylvania.  The New Jersey court determined the accident occurred on the Pennsylvania side of the bridge and dismissed the suit for lack of personal jurisdiction over the Pennsylvania defendant.  Plaintiff then sued in Pennsylvania, but that suit was dismissed as time-barred, so plaintiff filed a third suit in the District of New Jersey.  The Court dismissed the third suit as precluded by the New Jersey court's prior personal jurisdiction dismissal.  On the facts of that case, we agree.  But suppose that between the dismissal of the second suit and the filing of the third defendant had moved to New Jersey, and that plaintiff had personally served the third summons on defendant at her New Jersey home.  Now the New Jersey courts (federal and state) would indisputably have personal jurisdiction over defendant in the third suit because the critical jurisdictional facts had changed. Cf. Burnham v. Superior Court, 495 U.S. 604 (1990).  In general, collateral estoppel does not preclude relitigating a jurisdictional issue when "subsequent events . . . create a new legal situation or alter the legal rights or relations of the litigants."  46 AM. JUR. 2D JUDGMENTS § 631.

In our view, there are practical reasons why this distinction has not resulted in the relitigation of personal jurisdiction issues in the many cases where plaintiffs unsuccessfully sought to invoke a court's long-arm jurisdiction over a foreign corporation. Most corporate defendants raise serious personal jurisdiction issues in an early motion to dismiss.  Typically, in response to such a motion, the court will grant plaintiff reasonable discovery on the personal jurisdiction issue.  The issue is then decided on a full jurisdictional fact record, with the court making supporting findings of fact if it decides to dismiss for lack of personal jurisdiction.  When that decision

becomes final, the adjudicated jurisdictional facts will be given preclusive effect, and any attempt by plaintiff to file a second suit in the courts of that State will result in a quick dismissal, *unless* critical jurisdictional facts have changed in the interim. The jurisdictional fact-finding in the first suit dooms the second because, even in jurisdictions where collateral estoppel is limited to questions of fact, not issues of law, questions of material fact that are determinative of legal issues may not be relitigated except, perhaps, to avoid injustice.

In contrast to the more typical cases, Bil-Jax in this case lay in the weeds for two-and-one-half years and then sprung its jurisdictional trap by a motion for directed verdict at the close of Pohlmann's case in the trial of the first lawsuit. By then, Bil-Jax no doubt hoped that Pohlmann's claims were time-barred in all other jurisdictions. The trap caught its prey, and Pohlmann's first suit was dismissed for lack of personal jurisdiction. There were no jurisdictional findings in the trial court, simply a ruling by the appellate court that the trial record did not establish the trial court's personal jurisdiction over Bil-Jax when the first suit was commenced in November 1993. That ruling sheds little if any light on the different legal issue whether Missouri courts, including the district court, had personal jurisdiction over Bil-Jax when the second suit was commenced in December 1997. In these circumstances, we conclude the Supreme Court of Missouri would not dismiss the second suit on the ground that "the question of personal jurisdiction in Missouri" was preclusively determined in the first suit. Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-