327 F.Supp.2d 1032 (2004)
ENTERPRISE RENT-A-CAR COMPANY, Plaintiff,
v.
U-HAUL INTERNATIONAL, INC., Defendant.
No. 4:03-CV-1480 CAS.
United States District Court, E.D. Missouri, Eastern Division.
July 22, 2004.
*1033 *1034 David B. Jinkins, Dean L. Franklin, Paul A. Maddock, Jacob S. Wharton, Steven E. Garlock, Thompson Coburn, St. Louis, MO, for Plaintiff.
Christine Meis McAuliffe, Glenn Spencer Bacal, Jennings and Strouss, Phoenix, AZ, Donald L. Schlapprizzi, Donald L. Schlapprizzi, P.C., St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on several motions: Defendant U-Haul International, Inc.'s motion to dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer to the proper venue, and plaintiff Enterprise Rent-A-Car Company's motions for jurisdictional discovery and for leave to amend its complaint. The parties oppose each other's motions. For the following reasons, the Court will deny the motion to dismiss and the alternative motion to transfer, deny the motion for jurisdictional discovery as moot, and grant the motion for leave to amend the complaint.

Background.
This is an action by Enterprise Rent-A-Car Company ("plaintiff" or "Enterprise") asserting federal and state law trademark violations against U-Haul International, Inc. ("defendant" or "UHI"). Enterprise alleges in its complaint that it is the owner of numerous distinctive trademarks and service marks comprising the lower case letter "e," including one mark which is just the lower case "e" (the "Marks"). Enterprise uses the Marks in connection with its business of vehicle rental, leasing, sales and related reservation services throughout the United States. Enterprise owns numerous registrations on the United States Principal Register for many of the Marks. Enterprise asserts that the Marks are valid and incontestable, and constitute a family of long-standing and valuable marks which it has used continuously since at least 1967.
Enterprise alleges that long after it established its rights in the Marks, UHI *1035 began using one or more marks comprising an "e," some with a lower case "e," which are confusingly similar to one or more of Enterprise's Marks and infringe on Enterprise's registered marks. Enterprise alleges that UHI is using these marks in connection with the offering of vehicle rental, leasing, sales and services, including through its "e-move" network, the Internet website www.emove.com and interrelated websites including www.uhaul.com. Enterprise also alleges that UHI filed four applications with the United States Patent and Trademark Office ("PTO") to register different versions of its allegedly infringing marks, and that one mark was registered in January 1999 as U.S. Trademark Reg. No. 2,220,884 (the "884 registration"). The other three applications claim the benefit of the 884 registration, and Enterprise alleges these marks are the same or similar marks to the 884 registration. Enterprise initiated opposition proceedings in the PTO to prevent UHI from registering the marks covered by the three applications not yet issued into registrations. Enterprise asserts that in January 2004, while this action and the opposition proceedings in the PTO were pending, UHI filed with the PTO a declaration averring, inter alia, that there was no proceeding involving UHI's ownership or right to continued registration of one of the pending applications, No. 76/321,040.
The First Amended Complaint asserts claims for trademark infringement under 15 U.S.C. § 1114 (Count I); trademark infringement under 15 U.S.C. § 1125(a) (Count II); dilution under 15 U.S.C. § 1125(c) (Count III); cancellation of registration under 15 U.S.C. § 1119 (Count IV); declaratory judgment denying registration (Count V); common law trademark infringement (Count VI); and unfair competition in violation of Missouri common law (Count VII).
UHI moves to dismiss the claims against it for lack of personal jurisdiction and improper venue, and in the alternative moves for transfer of this action to the proper venue. UHI states that before the instant action was filed, it filed an action in the United States District Court for the District of Arizona, seeking declaratory judgment of non-infringement of Enterprise's trademark rights at issue in the present case, and a declaration of lack of unfair competition pursuant to 15 U.S.C. § 1125 or any state statutes or common law (the "first Arizona litigation"). UHI states that on October 7, 2002, Enterprise filed a motion to dismiss the first Arizona litigation on the basis that no case or controversy existed, as there was no apprehension of imminent suit against UHI because Enterprise intended to resolve the dispute amicably on a business basis, rather than through litigation. The district court in Arizona granted Enterprise's motion to dismiss on September 12, 2003. The instant action was filed on October 15, 2003. On February 24, 2004, UHI and EMove, Inc., the party exclusively licensed to use the allegedly infringing marks at issue in this case and which UHI asserts owns and operates the www.emove.com website, filed a new complaint for declaratory judgment against Enterprise in the United States District Court for the District of Arizona, e-Move, Inc., et al. v. Enterprise Rent-A-Car Co., No. CV04-0387-PHX-DGC. That action has been stayed pending resolution of the instant motions. See id., Order of June 30, 2004.
UHI asserts that this Court's exercise of personal jurisdiction over it violates the Due Process Clause, and as such is not permitted under the United States Constitution or Missouri's long-arm statute. UHI also asserts that because it is not subject to personal jurisdiction in this district, venue is improper as well, and therefore *1036 this case must either be dismissed or transferred to the proper venue.

Legal Standard.
A party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists. Moog World Trade Corp. v. Bancomer, S.A., 90 F.3d 1382, 1384 (8th Cir.1996). To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir.2003) (citing Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir.1996)). For the purpose of a prima facie showing, the court must view the evidence in the light most favorable to the plaintiff, and determine all factual conflicts in its favor. Id. "[J]urisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir.1991). When considering whether personal jurisdiction exists under the Missouri long-arm statute, it is permissible to consider matters outside the pleadings. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir.1998).
Where a federal court's subject matter jurisdiction over a case arises from the existence of a federal question, the court may exercise personal jurisdiction over a defendant if the plaintiff has properly served the defendant with process under the forum state's long-arm statute and if the defendant has sufficient contacts with the forum state to satisfy procedural due process. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104-05, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); Bird v. Parsons, 289 F.3d 865, 871 (6th Cir.2002).
The Missouri long-arm statute provides that an individual or company submits to personal jurisdiction of the courts of the State of Missouri for any cause of action arising from, inter alia, the following: (1) transaction of any business within the state, and (2) commission of a tortious act within the state. See Mo.Rev.Stat. § 506.500 (2000). Missouri construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause, within the specific categories enumerated in the statute. State ex rel. Metal Serv. Ctr. of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo.1984) (en banc); see Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir.2000), cert. denied sub nom Industrivarden Serv. AB v. Clune, 533 U.S. 929, 121 S.Ct. 2551, 150 L.Ed.2d 718 (2001). As a result, the Court will focus on whether exercising personal jurisdiction over the defendant comports with federal due process standards. See Dakota Indus., Inc. v. Ever Best Ltd., 28 F.3d 910, 915 (8th Cir.1994).
The Due Process Clause limits the power of a state to assert personal jurisdiction over a nonresident defendant. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A state may exercise personal jurisdiction over a nonresident defendant consistent with due process when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). "In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation." Calder v. Jones, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (citations and internal quotations omitted). The defendant's contact with the forum *1037 state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). A party may anticipate being haled into court in a particular jurisdiction if it "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted). The relevant contacts with the forum state must be more than random, fortuitous or attenuated. Id. at 475, 105 S.Ct. 2174 (citations omitted).
"Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." Bird, 289 F.3d at 873. "Specific jurisdiction refers to jurisdiction over causes of action arising from or relating to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir.1994) (internal alterations omitted). "Where specific personal jurisdiction over a non-resident is asserted, due process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1103 (8th Cir.1996) (citation omitted).
Because this is a federal question case, the Court examines due process under the Fifth Amendment rather than the Fourteenth Amendment. Dakota, 946 F.2d at 1389 n. 2. The Eighth Circuit has instructed that it is appropriate to apply the "minimum contacts" standard of analysis in federal question cases. Dakota Indus., 28 F.3d at 915. In evaluating the propriety of jurisdiction, this Court must consider (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 922 (8th Cir.1995) (citations omitted). Of these factors, the first three are the most important. Id. Once the Court has found the requisite minimum contacts, it must still determine whether the exercise of jurisdiction conforms with "fair play and substantial justice." International Shoe, 326 U.S. at 320, 66 S.Ct. 154. Even if requisite minimum contacts are found, if it would be unreasonable for the forum to assert jurisdiction under all the facts and circumstances, due process requires that jurisdiction be denied. Burger King, 471 U.S. at 477-478, 105 S.Ct. 2174.
With these standards in mind, the Court will examine whether it is appropriate to exercise personal jurisdiction over defendant UHI.

Discussion.

I.
Defendant UHI asserts that it is not subject to personal jurisdiction in this district because it does not reside in the Eastern District of Missouri and the exercise of jurisdiction over it would violate the Due Process Clause. Defendant submits the Declaration of George R. Olds, Assistant Secretary for UHI, which states that UHI is a Nevada corporation with its principal place of business in Arizona; UHI has offices and employees in Nevada and Arizona only; UHI provides accounting/clearinghouse services and technical and advisory services to other U-Haul *1038 companies; UHI does not have any offices, physical locations or employees, real or personal property, telephone numbers, bank accounts, books, records or other corporate activities in Missouri; UHI does not operate any business in Missouri, although separate legal U-Haul entities such as U-Haul Company of Missouri are located in Missouri and conduct business here.
With respect to the "e-Move" mark, the Olds Declaration states that UHI owns the mark in various configurations; UHI has exclusively licensed the right to use the "e-Move" mark to EMove, Inc., a Nevada corporation with its principal place of business in Arizona, and thus UHI itself does not use the "e-Move" mark;[1] EMove, Inc., uses the "e-Move" mark for providing an interactive computer database in the fields of moving, transportation, warehouse storage, and rental of moving vehicles, moving equipment and moving supplies; and EMove, Inc. owns and operates the Internet website www.emove.com, which provides one or more of these services under the "e-Move" mark. Finally, UHI asserts that does not provide any services under the "e-Move" mark in Missouri or elsewhere, and does not have any "e-Move" customers in Missouri or elsewhere.
UHI asserts that it is not subject to general jurisdiction in this district because it does not reside here and does not have such pervasive and continuing contact with this district to be deemed a resident for purposes of general jurisdiction, citing Epps v. Stewart Information Services Corp., 327 F.3d 642, 650 (8th Cir.2003). UHI states that under Eighth Circuit precedent, a non-resident parent company is neither present nor doing business in a forum state if it has no place of business, mailing address, bank accounts, or property in the state. Id. Thus, UHI argues that contacts between EMove, Inc. or other U-Haul companies and the forum state do not create personal jurisdiction over UHI.
UHI asserts that it is not subject to specific jurisdiction in this district because the exercise of jurisdiction would violate the Due Process Clause. UHI contends that it does not have the necessary minimum contacts with Missouri to satisfy due process requirements because it does not use the "e-Move" mark in Missouri and does not own or operate the emove.com website, which is owned and operated by a separate legal entity, EMove, Inc. UHI admits that a link exists between EMove's emove.com website and its own uhaul.com website, but asserts this link is clearly insufficient to establish that UHI has either purposely availed itself of the State of Missouri or had such minimum contacts with the state relevant to the present action to satisfy due process, because the link does not make the business of EMove, Inc. and UHI interrelated or connected, citing Enterprise Rent-A-Car v. Stowell, 137 F.Supp.2d 1151 (E.D.Mo.2001).
In response, plaintiff asserts that defendant's use of the "e-Move" mark on its interactive website, uhaul.com, renders it subject to specific personal jurisdiction in this district. Plaintiff asserts that defendant uses the "e-Move" mark in the promotion of goods and services which at a minimum are associated with the rental of vehicles for moving. Plaintiff states that the uhaul.com website is interactive, accessible in the Eastern District of Missouri, and defendant's use of the "e-Move" mark in connection with rental vehicles is pervasive throughout its website, appearing on nine successive web pages. Plaintiff submits the Declaration of Paul A. Lesko, an attorney at Thompson Coburn LLP, which states in pertinent part that on both uhaul.com and emove.com, a user can select Missouri from the preprogrammed *1039 options and the websites recognize all Missouri cities by zip code or the first letters of the city's name. Plaintiff argues this shows that defendant has extensively used the "e-Move" mark and specifically targeted Missouri citizens on its interactive website.
Plaintiff also relies on the Declaration of John Taylor, Executive Vice President of U-Haul International, Inc., dated October 31, 2002 and submitted in the first Arizona litigation. The Taylor Declaration states in part that U-Haul has extensively utilized the e-Move mark on its main web site, www.uhaul.com, and U-Haul's E-MOVE web site, www.emove.com. Mr. Taylor stated, "U-Haul's E-MOVE mark is a critical component of U-Haul's entire online marketing strategy, and is an integral part of U-Haul's efforts to enhance its reputation and brand recognition." Ex. II, Taylor Dec., ¶¶ 3, 4. Plaintiff contrasts the Taylor Declaration with the Olds Declaration submitted by UHI in connection with the instant motion to dismiss, which states in pertinent part that EMove, Inc. owns the emove.com web site, and that U-Haul does not provide any services in Missouri under the "e-Move" mark or have any "e-Move" customers in Missouri. Olds Dec., ¶¶ 9, 10. Plaintiff notes that in resolving the instant motion, the Court must view the evidence in the light most favorable to plaintiff and resolve factual conflicts in its favor, and thus accept that UHI owns and operates both the uhaul.com and emove.com websites.
Plaintiff's complaint charges that U-Haul's extensive use of "e-Move" marks in connection with competing and related services is likely to cause consumer confusion and damage the goodwill it has established in its "e" family of marks. Plaintiff asserts that the Taylor Declaration confirms UHI's use of the "e-Move" mark, and that UHI's interactive website, uhaul.com, which is accessible to and directed to consumers in Missouri, prominently features the mark and links to the emove.com website.
Plaintiff states under Eighth Circuit precedent, specific jurisdiction is determined by considering (1) the nature and quality of a defendant's contacts with the forum, and (2) the contacts' source and connection to the cause of action, citing Lakin v. Prudential Securities, Inc., 348 F.3d 704, 711 (8th Cir.2003). Plaintiff states that uhaul.com and emove.com are sophisticated, interactive websites on which Missouri users can exchange information with the host computer, review detailed information about UHI, exchange electronic mail, and arrange for UHI services to move to or from Missouri, or within Missouri, and as in Lakin, the websites are available twenty-four hours a day, creating continuous and systematic contacts with Missouri "to a degree that traditional corporations can never even approach." 348 F.3d at 712.
Plaintiff states that UHI's contacts with Missouri through the uhaul.com and emove.com websites are connected to this cause of action because the same web pages that allow the interactivity with Missouri residents extensively advertise the "e-Move" mark, the pages which allow the rental of vehicles use the "e-Move" mark, and pages tailored to Missouri citizens allow them to utilize the eMove service. Thus, plaintiff contends that UHI's contacts with Missouri residents through the two websites justify the exercise of specific jurisdiction in this district. Plaintiff also contends that even without jurisdictional discovery, it appears that sufficient contacts exist to justify general jurisdiction because UHI's websites are purposefully directed at Missouri consumers.
With respect to the alleged discrepancies between the Taylor and Olds Declarations, UHI replies that plaintiff is focusing *1040 on the wrong time frame for personal jurisdiction, as plaintiff makes numerous references to UHI's activities, operations and corporate structure well prior to October 2003. UHI contends these references are "wholly irrelevant" to whether personal jurisdiction existed at the time this action commenced in October 2003, citing Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir.1999) ("[T]he issue of personal jurisdiction turns on whether the trial court has jurisdiction over the person as a defendant at the time the suit is commenced."). UHI states that the Taylor Declaration accurately described UHI's business model, activities and corporate structure in 2002,[2] not in October 2003, and the Olds Declaration was accurate when it was signed in February 2004, reflecting the fact that use of the "e-Move" marks had shifted from UHI to EMove, Inc.
UHI further replies that the interactivity of the uhaul.com website relates only to U-Haul services and not to EMove, Inc. services, and the mere fact the "e-Move" mark appears on the website does not equate to its "use" by UHI under trademark law.[3] UHI reiterates that it does not own the emove.com website, which is the only place where EMove, Inc. services are offered with interactivity, and that the uhaul.com website does not provide any goods or services under the "e-Move" marks.
Plaintiff sought and was granted leave to file a supplemental declaration in opposition to the motion to dismiss for lack of personal jurisdiction. The Declaration of Steven E. Garlock, an attorney with Thompson Coburn LLP, offers the following as additional evidence of UHI's contacts with the forum state: (1) a U-Haul advertisement from the December 2003 issue of the Greater St. Louis Smart Yellow Pages features the terms "U-Haul," "uhaul.com" and "eMove Moving Help" (Garlock Dec., Ex. 1.); (2) a photograph of a U-Haul truck taken in April 2004 at a location in Webster Groves, Missouri, shows the terms "u-Haul," "eMove.com" and "eMove" appearing prominently together on the truck (id., Ex. 2.); (3) in April 2004, Mr. Garlock accessed the uhaul.com website, clicked on the "eMove" icon which immediately linked to emove.com, clicked on the "Press Room" option and was directed to a March 29, 2004 press release, which begins "Phoenix, Arix.  (March 29, 2004)U-Haul is pleased to announce ..." and discusses U-Haul self-storage information. (Id., Ex. 3.) The contact information on the press release is Joanne Fried, U-Haul Public Relations, with the e-mail address publicrelations@emove.com. On the second page of the press release are paragraphs entitled "About U-Haul" and "About eMove"; (4) in April 2004, Mr. Garlock accessed the uhaul.com website and clicked on "U-Haul Rates & Reservations," and the reservations page included the statement, "After making your reservation, visit our partner's Moving Help marketplace on eMove.com." (Garlock Dec., Ex. 4.) The page also includes an eMove icon with the text, "Need help moving? Get help loading, packing and more on eMove Moving Help." Id.
*1041 Plaintiff asserts that the Yellow Pages advertisement and photograph of the rental truck show that UHI continues to use the "e-Move" marks in this district subsequent to the filing of this lawsuit, and the press release shows that UHI's public relations department is publishing press releases on emove.com which discuss the services of both U-Haul and EMove, Inc. Plaintiff contends these facts belie defendant's assertion that the two companies are separate. Finally, plaintiff asserts that the reference on the UHI website to its "partner's Moving Help marketplace on eMove.com" shows the true relationship between UHI and EMove, Inc., and contends that use of the word "partner" indicates that EMove, Inc. is UHI's agent.
Defendant replies that the documents attached to the Garlock Declaration merely reflect the working relationship between EMove, Inc. and UHI, including "collateral advertising" for EMove Inc.'s services on U-Haul moving trucks, and the fact that there is a business relationship "between UHI, on the one hand, and EMove, Inc. and E-Move, Inc.'s Storage Affiliate Program, on the other." UHI Response at 1.

A. Specific Jurisdiction.

For purposes of specific personal jurisdiction, the Court must consider whether UHI had sufficient minimum contacts with Missouri to subject itself to jurisdiction, and also whether UHI through the activities of EMove, Inc. has subjected itself to jurisdiction. See Epps, 327 F.3d at 649-50; Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., 519 F.2d 634, 637 (8th Cir.1975). Although mere ownership of a wholly-owned subsidiary is too distant a contact to subject a defendant to personal jurisdiction, Epps, 327 F.3d at 649, the Eighth Circuit has rejected the contention that activities of a parent corporation's subsidiary must be entirely disregarded in the jurisdiction analysis unless the subsidiary's corporate veil can be pierced under state law. Anderson v. Dassault Aviation, 361 F.3d 449, 452 (8th Cir.2004) (personal jurisdiction over foreign corporation was proper where its contacts with the forum went well beyond mere ownership of subsidiary, and it had a "close, synergistic relationship" with the subsidiary). "Determining the propriety of jurisdiction at a particular place always involves applying principles of fairness and reasonableness to a distinct set of facts, and the determination is not readily amendable to rigid rules that can be applied across the entire spectrum of cases." Id.
The Eighth Circuit has adopted the analytical framework of Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997), for determining whether specific personal jurisdiction is proper based on Internet website contacts. Lakin, 348 F.3d at 711. Under the "sliding scale" approach of Zippo, courts examine the interactivity of the website and its commercial nature in order to determine the significance website's contacts with the forum. A highly interactive website which targets forum residents to enter into contracts will subject a defendant to personal jurisdiction:
If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the *1042 host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.
Zippo, 952 F.Supp. at 1124.
As a threshold matter, because the Court must examine the facts in the light most favorable to the non-moving party and resolve factual disputes in favor of that party for purposes of the instant motion, it assumes that UHI owns and operates both uhaul.com and emove.com. Under the applicable standard, the Court cannot accept UHI's assertion in its memorandum that factual statements contained in the Taylor Declaration executed in October 2002 are moot because of changed business arrangements. In addition, the time frame for determining minimum contacts is broader than suggested by UHI. "Minimum contacts must exist either at the time the cause of action arose, the time the suit it filed, or within a reasonable period of time immediately prior to the filing of the lawsuit." Pecoraro, 340 F.3d at 562. Viewed in the light most favorable to plaintiff, the record could support the assertion that for purposes of personal jurisdiction this action arose when UHI filed the first Arizona litigation seeking a declaration that it was not infringing on plaintiff's Marks. Moreover, the Taylor Declaration establishes that a year before this suit was filed, UHI considered the "e-Move" marks a "critical component of U-Haul's entire online marketing strategy" and an "integral part of U-Haul's efforts to enhance its reputation and brand recognition." Taylor Dec., ¶¶ 3, 4.

1. Nature and Quality of Contacts.

The Court now examines the nature and quality of UHI's contacts with the forum state. The evidence before the Court is that UHI's only contacts with the forum arise from the Internet websites. These contacts are significant, however. The uhaul.com website is highly interactive and specifically directed to Missouri residents, contains the "e-Move" marks and many references to EMove, Inc., and links directly to emove.com. A Missouri resident may rent a vehicle or obtain other goods or services directly from the uhaul.com website. The emove.com website is also highly interactive and specifically directed to Missouri residents, and contains numerous references to UHI and links to uhaul.com. A Missouri resident may obtain moving assistance services directly from the emove.com website. The Court takes judicial notice that emove.com's home page include separate icons for moving equipment and supplies, which when clicked on link seamlessly to uhaul.com's Rates and Reservations page and Moving Supply Store page, respectively.[4]
Under the Zippo test adopted by the Eighth Circuit for determining whether specific personal jurisdiction is proper based on Internet website contacts, see Lakin, 348 F.3d at 711, the high degree of interactivity of the uhaul.com and emove.com websites and their specific targeting of Missouri residents leads to the conclusion that personal jurisdiction is appropriate over UHI. UHI has purposely availed itself of the privilege of conducting business *1043 in the State of Missouri via the Internet.
Moreover, trademark infringement is a tort, and the economic effects of infringement are felt where the trademark owner has its principal place of business. Dakota Industries, 946 F.2d at 1388. The Eighth Circuit has held that the exercise of jurisdiction over a non-resident tortfeasor is permissible under the Missouri long arm statute if the injury itself occurs in the state. Institutional Food Mktg. Assocs., Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 453, 455 (8th Cir.1984) (commission of tortious act within the state includes extraterritorial acts that produce actionable consequences in Missouri). A defendant will be subject to personal jurisdiction if the plaintiff makes a prima facie showing that the defendant committed the torts alleged in the complaint either personally or through an agent. See Mo.Rev.Stat. § 506.500.1 (2000); Dotzler v. Perot, 899 F.Supp. 416, 422 (E.D.Mo.1995), aff'd, 124 F.3d 207 (8th Cir.1997) (Table) (unpublished per curiam), cert. denied sub nom Laughlin v. Perot, 522 U.S. 1148, 118 S.Ct. 1167, 140 L.Ed.2d 177 (1998). The Court concludes that plaintiff has made a prima facie showing that UHI has committed the tort of trademark infringement, the effects of which are felt in Missouri, by using the "eMove" marks on its interactive uhaul.com and emove.com websites.
UHI contends that it is not subject to personal jurisdiction in Missouri because these contacts are not related to this action as UHI itself does not rent vehicles in Missouri or otherwise use the "eMove" marks. This contention ignores the averments in the Taylor Declaration which show that UHI does use the "e-Move" marks. Further, even if the Court were not required to assume that UHI owns emove.com, it would consider EMove, Inc.'s activities in Missouri as well as those of UHI in determining whether personal jurisdiction exists, because the close, symbiotic relationship between UHI and EMove, Inc. described above goes beyond mere ownership. See Dassault Aviation, 361 F.3d at 452. The record shows that UHI and EMove Inc. have a closely interrelated relationship as evidenced by the websites discussed above. UHI and EMove, Inc. also appear to have a symbiotic relationship: UHI provides accounting, technical, and advisory services to other U-Haul companies, which are in the business of offering vehicles for rent in connection with moving, transportation, sale of moving supplies and warehousing for consumers, while EMove, Inc. uses the "e-Move" mark for providing an interactive computer database offering assistance in the fields of moving, transportation, warehouse storage, and rental of moving vehicles, moving equipment and moving supplies. The two companies' businesses are interrelated and complementary, as evidenced not only by the foregoing description but also by website links and references to each other, including UHI's website reference to EMove, Inc. as its "partner." UHI and EMove, Inc. have a unified marketing strategy shown by the linked websites, the shared use of "eMove" and U-Haul marks on the websites, the press release from UHI's public relations department issued on emove.com which discusses both companies, and the placement of both uhaul.com and the "e-Move" marks as advertising on U-Haul rental vehicles in this area and in the St. Louis Yellow Pages advertisement.
The record shows that EMove, Inc. has used the "e-Marks" on emove.com and has specifically targeted Missouri residents to purchase the services it offers on the website. This is clearly a basis for the exercise of personal jurisdiction over EMove, Inc., and under the circumstances of this case, the Court concludes that UHI has also subjected itself to jurisdiction under *1044 the Missouri long-arm statute through its relationship and contacts with EMove, Inc.
Finally, this case is readily distinguishable from Enterprise Rent-A-Car v. Stowell, which UHI relies on for the proposition that personal jurisdiction may not be based merely on a website link. 137 F.Supp.2d 1151. In Stowell, a Missouri Internet user could click on a link at the defendant's purportedly infringing website, virtualcar.com, and go to a website for the same defendant's antique business, oldpine.com. This Court, Judge Mummert presiding, concluded that the passive website virtualcar.com did not provide a basis for the exercise of personal jurisdiction over the defendant. Judge Mummert declined to find that jurisdiction could be based on a link from the passive, allegedly infringing website to a moderately interactive website owned by the same defendant but totally unrelated in subject matter to either the first website or the subject of the cause of action. Id. at 1159. In contrast, in this case the websites uhaul.com and emove.com are highly interactive and therefore subject UHI to personal jurisdiction under the Zippo test, are mutually linked, interrelated in nature and purpose as discussed above, and display the allegedly infringing "e-Move" marks. Consequently, Stowell does not compel a finding that personal jurisdiction is not proper in this case.

2. Quantity of Contacts.

The uhaul.com and emove.com interactive websites provide continuous, systematic contacts with the forum state. See Lakin, 348 F.3d at 712. This factor weighs in favor of the exercise of personal jurisdiction.

3. Relation of the Contacts to the Cause of Action.

UHI's contacts with the forum state are closely related to the subject matter of this action, as the same web pages that allow interactivity with Missouri residents, including the rental of vehicles, contain the "e-Move" marks alleged to infringe on plaintiff's Marks. This factor weighs in favor of the exercise of personal jurisdiction.

4. Interest of the Forum State.

The State of Missouri has a legitimate interest in providing a forum to a corporate citizen that alleges its valuable trademarks have been infringed. Plaintiff is incorporated in and has its principal place of business in the State of Missouri, and therefore any economic injury from the alleged infringement is suffered in Missouri. See Dakota Indus., 946 F.2d at 1388. This factors weighs in favor of the exercise of personal jurisdiction.

5. Convenience of the Parties.

Plaintiff is incorporated and headquartered in Missouri and has its personnel, records, computer network and website here. It would be far more convenient for plaintiff to litigate this action here rather than anywhere else. In contrast, UHI is incorporated and has its principal place of business in Arizona, where its personnel, records and computer network are located, and it would be more convenient for UHI to litigation this action there. As a result, this factor, which is one of the lesser considerations in the personal jurisdiction analysis, see Bell Paper Box, 53 F.3d at 922, does not strongly favor either party.
Based on the foregoing, the Court concludes that the exercise of personal jurisdiction over defendant UHI is consistent with both due process principles and the Missouri long arm statute. As a result, the Court need not address whether UHI's contacts with Missouri would also support general jurisdiction. UHI's motion to dismiss for lack of personal jurisdiction should therefore be denied, and *1045 plaintiff's motion for leave to conduct jurisdictional discovery will be denied as moot. Because questions of venue and personal jurisdiction are indistinguishable for corporate parties, Dakota Indus., 946 F.2d at 1392, the Court will also deny UHI's motion to dismiss based on improper venue.

II.
Defendant UHI moves in the alternative to transfer venue of this action to the United States District Court for the District of Arizona, where the second Arizona litigation is pending, pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the motion.
Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir.), cert. denied, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997).
Section 1404(a) provides:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
28 U.S.C. § 1404(a).
The initial inquiry in ruling on a motion under § 1404(a) is whether this case "might have been brought" in the District of Arizona. As discussed above, UHI is incorporated in and has its principal place of business in Arizona. Therefore, this action could have been brought initially in the District of Arizona.
In determining whether or not to transfer venue, the Court must consider the three general categories of factors stated in § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) whether the transfer would be in the interest of justice. Terra Int'l, 119 F.3d at 691. "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."[5]Id.
The first factor, convenience of the parties, was discussed above with respect to the personal jurisdiction analysis. Because this factor is in balance, with Missouri more convenient for plaintiff and Arizona more convenient for defendant, and with each party's records and documents located in those states, convenience of the parties does not weigh in favor of transfer.
Convenience of the witnesses is a primary, if not the most important, factor in considering a motion under § 1404(a). May Dept. Stores v. Wilansky, 900 F.Supp. 1154, 1165 (E.D.Mo.1995). Defendant asserts that its corporate headquarters and EMove, Inc.'s corporate headquarters are located in Arizona, and all of their witnesses, documents and operations are located in Arizona. Defendant asserts that because the focus of the case is use of *1046 the "eMove" marks and whether these marks infringe any of plaintiff's rights, the majority of witnesses in the case are located in Arizona. Defendant also asserts that because EMove, Inc. is the exclusive licensee and actual party which uses the "eMove" marks and owns the emove.com website, it is either a necessary party to this action or a non-party witness which is not subject to personal jurisdiction in this district, and therefore transfer to the District of Arizona is mandatory.
Plaintiff responds that its witnesses related to adoption, length of use, extent of use, types of use, marketing methods and channels of distribution, trademark distinctiveness, and strength and notoriety of the "e" mark, as well as infringement, are located in Missouri. Plaintiff also responds that because UHI did not identify any specific witnesses, it cannot overcome the presumption that this factor favors plaintiff's choice of forum. "[I]t is the burden of the party seeking transfer to specify clearly the key witnesses to be called and indicate what their testimony will entail." Houk v. Kimberly-Clark Corp., 613 F.Supp. 923, 928 (W.D.Mo.1985). UHI has not met this burden, as it does not provide the Court with the names of any proposed witnesses or even the general nature of their testimony, and instead merely states that all witnesses are located in Arizona. Finally, as discussed above, the Court has rejected the assertion that EMove, Inc. is not subject to personal jurisdiction in this district. The Court therefore concludes that the convenience of the witnesses does not favor transfer of the case to Arizona.
The Court next considers whether the transfer would be in the interest of justice. Of the factors noted above which can be considered under this general category, only two are significant in this case. The first of these factors is judicial economy. UHI contends that because it and EMove, Inc. filed the second Arizona litigation against Enterprise in the District of Arizona in February 2004, Enterprise's related claims should be litigated in the same tribunal to avoid duplicative litigation and inconsistent results. UHI notes that EMove, Inc. is not a party to this action and states that if this action is not transferred, the parties would be required to litigate in both courts.
Plaintiff has filed a motion to amend its complaint and add EMove, Inc. as a party to this action, which will be addressed below. The district court in Arizona has temporarily stayed the second Arizona litigation, including Enterprise's motion to dismiss, transfer or stay the action based on the first-to-file rule, pending a ruling by this Court on UHI's motion to dismiss or to transfer. In its order, the Arizona district court inter alia expressed its opinion that the instant litigation takes precedence under the "first to file" rule. See eMove, Inc., et al. v. Enterprise Rent-A-Car Company, No. CV04-0387-PHX-DGC, Order of Jun 30, 2004, slip op. at 2-4. UHI has not shown that principles of judicial economy and avoidance of duplicative litigation can only be served by transfer of this action to the District of Arizona. It is likely that the district court in Arizona will grant Enterprise's alternative motion to transfer after learning of this Court's decision. Therefore, considerations of judicial economy do not require transfer of this action.
The second factor relevant to the interest of justice is the plaintiff's choice of forum. As stated above, federal courts generally give "considerable deference to a plaintiff's choice of forum...." Terra Int'l, 119 F.3d at 695. The Court is mindful that it may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant. *1047 St. Louis Federal Savings and Loan Ass'n v. Silverado Banking, Savings and Loan Ass'n, 626 F.Supp. 379, 383 (E.D.Mo.1986). This is particularly true because plaintiff resides here and any economic injury caused by defendant's allegedly infringing activity would be felt here. See Peabody Holding Co., Inc. v. Costain Group PLC, 808 F.Supp. 1425, 1441 (E.D.Mo.1992) ("When a plaintiff is a resident of the forum, the resident plaintiff's choice of forum is to be given greater deference ...."); Dakota Indus., 946 F.2d at 1388 (economic injury from trademark infringement is suffered where the trademark owner has its principal place of business). UHI has not demonstrated that the balance of relative considerations tips strongly toward it such that the normal deference to a plaintiff's choice of forum should be disregarded.
Based on the foregoing, the Court concludes that defendant has failed to meet its burden to establish that transfer is warranted under 28 U.S.C. § 1404(a). See Terra Int'l, 119 F.3d at 695.

III.
Plaintiff has moved for leave to file a Second Amended Complaint, which seeks to add EMove, Inc. as a defendant. UHI opposes the motion on the grounds that (1) granting the motion would be futile if the Court grants UHI's motion to dismiss this action or transfer it to Arizona, (2) granting the motion would unduly prejudice EMove, Inc. by requiring it to actively litigate two separate lawsuits involving the same issues, and (3) Enterprise exhibited undue delay in seeking leave to add EMove, Inc. as a party because exhibits attached to the original complaint show Enterprise knew that EMove, Inc. existed, owned the emove.com website, and used the "eMarks" at issue.[6]
Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Unless there is a good reason for denial, ... leave to amend should be granted." Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.1992). Although Rule 15(a) allows liberal amendment, the Court has discretion whether or not to grant leave. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir.1998) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).
The Court rejects UHI's contentions that plaintiff's motion for leave to amend is futile because (1) it would be moot if the motion to dismiss or to transfer were granted, and (2) if EMove, Inc. were joined as a party, the first-to-file rule would require transfer of this case to the District of Arizona. The concept of futility in connection with leave to amend usually refers to failure to state a claim in the amended complaint or failure to remedy a defect in the original complaint. See Becker v. University of Neb., at Omaha, 191 F.3d 904, 907-08 (8th Cir.1999) ("a motion *1048 to amend should be denied on the merits only if it asserts clearly frivolous claims or defenses.") (internal punctuation and quoted case omitted); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir.1989) (district courts have the power to deny leave to amend if the proposed changes would not remedy the deficiencies of the original complaint). The Court has determined that the motion to dismiss and the alternative motion to transfer should be denied, and UHI does not allege that plaintiff's proposed amended complaint either fails to state a claim or fails to remedy an existing pleading defect. Plaintiff's proposed amended complaint is therefore not futile.
UHI's second contention, that granting the motion for leave to amend would prejudice EMove, Inc. by requiring EMove, Inc. to litigate two separate cases, is not persuasive. UHI does not argue that it would be prejudiced, and does not explain how or why EMove, Inc. would be prejudiced. Moreover, the Court does not understand how UHI can testify to any prejudice that may or may not be suffered by EMove, Inc., particularly given UHI's effort to distance itself from EMove, Inc. in connection with the motion to dismiss or to transfer. There is simply no factual basis in the record for a finding of prejudice.
Finally, UHI contends that Enterprise unduly delayed in seeking to join EMove, Inc. as a party defendant. Delay in seeking to amend, alone, is a insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell, 160 F.3d at 455. The Court finds that no undue delay has occurred. Plaintiff sought leave to file its Second Amended Complaint within ten days after UHI filed the Olds Declaration, which clearly sets forth EMove, Inc.'s connection with the "eMarks" at issue in this case. In addition, this case is in its early stages: no initial scheduling conference has been held, UHI has not answered the complaint, and no deadlines have been set. As a result, there can be no undue delay and there is no showing of prejudice. Cf. Bell, 160 F.3d at 455, (district court did not abuse its discretion in denying leave to amend a complaint five weeks before trial, after the close of discovery and the motion deadline).
The Court concludes that plaintiff's motion for leave to amend its complaint should be granted, in accordance with the liberal amendment policy of Rule 15(a), Fed.R.Civ.P.

Conclusion.
For the foregoing reasons, the Court concludes that the exercise of personal jurisdiction over defendant UHI conforms to due process principles and the requirements of the Missouri long arm statute. The Court will therefore deny UHI's motion to dismiss for lack of personal jurisdiction and improper venue, and deny UHI's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court will deny as moot plaintiff's motion for jurisdictional discovery and grant plaintiff's motion for leave to file its Second Amended Complaint.
Accordingly,
IT IS HEREBY ORDERED that defendant U-Haul International, Inc.'s motion to dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer to the proper venue is DENIED in all respects. [Doc. 13]
IT IS FURTHER ORDERED that plaintiff Enterprise Rent-A-Car Company's motion for jurisdictional discovery is DENIED as moot. [Doc. 17]
IT IS FURTHER ORDERED that plaintiff Enterprise Rent-A-Car Company's motion for motion for leave to amend its complaint is GRANTED. [Doc. 18] The Clerk of the Court shall file plaintiff's *1049 Second Amended Complaint, which was submitted as an attachment to the motion for leave to amend.
NOTES
[1] It is uncontroverted that E-Move, Inc. is a wholly-owned subsidiary of UHI.
[2] As stated above, the Taylor Declaration was signed in October 2002.
[3] In support of this assertion, UHI cites Kastenmeier, 134 Cong. Rec. H10420, and New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The Court was unable to find the Congressional Record citation on Westlaw, and New York Times v. Sullivan, although well known as a landmark free speech case, does not contain the word "trademark." The Court therefore cannot evaluate the significance of these citations without further explanation from UHI.
[4] Courts "may take judicial notice of a fact not in the record only where the fact is `either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Fed.R.Evid. 201(b). Facts capable of `ready determination' must be `widely available.' 21 Charles Alan Wright and Kenneth W. Graham, Jr., Federal Practice and Procedure § 5106, at 500 (1977)." MacGregor v. Mallinckrodt, Inc., 373 F.3d 923, 933 (8th Cir.2004). Facts concerning the two websites at issue in this case are both capable of ready determination and widely available to anyone with Internet access.
[5] Factors which courts have considered in deciding a motion to transfer under § 1404(a) include, under the "convenience" prongs, (1) the convenience of the parties, (2) the convenience of the witnesses  including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. See Terra Int'l, 119 F.3d at 696.
[6] UHI also asserted in its opposition memorandum that consideration of plaintiff's motion for leave to amend would be premature and contrary to principles of judicial economy prior to a ruling on its motion to dismiss or in the alternative to transfer. The Court agrees. Having denied UHI's motion to dismiss or in the alternative to transfer, however, these points are now moot.