_____

No. 95-3464
_____

Kirk Dupps; Cynthia Dupps,     *
                                *
        Appellants,           *
                                *  Appeal from the United States
    v.                       *  District Court for the
                                *  Western District of Arkansas.
The Travelers Insurance Company,*
                                *
        Appellee.            *

_____

Submitted:  March 15, 1996

Filed:  April 5, 1996
_____

Before MAGILL, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MAGILL, Circuit Judge.

     Kirk and Cynthia Dupps appeal the district court's[1] grant of summary judgment to the Travelers Insurance Company (Travelers)[2] in this diversity action, arguing that terms in their insurance policy are ambiguous.  We affirm.

     The Duppses contracted with Travelers for an insurance policy for real property in Eureka Springs, Arkansas.  The policy

_____

    [1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

    [2]In their First Amended Answer, Travelers explained that its correct name is "The Travelers Indemnity Company."  See Appellants' App. at 35.  A communication to the Duppses from defendant referred to "The Travelers Insurance Company," however, see id. at 19, and the district court referred to defendant by this name.  For the sake of continuity, we shall also refer to defendant by this name.

contained the following exclusion to coverage:

> We will not pay for loss or damage caused directly or indirectly by . . . [a]ny earth movement (other than sinkhole collapse), such as an earthquake, landslide, mine subsidence, earth sinking, rising or shifting. . . .

Appellants' App. at 11-11a. The exclusion provides that "[s]uch loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." Id. at 11.

The covered property lies in front of a thirty-foot-high bluff. Near the top of the bluff is a cave. The roof of the cave partially collapsed, and on May 10, 1994, the collapse sent rock down onto the Duppses' property, causing damage. The cave also produced a 500-ton boulder, which is perched precariously over the Duppses' property.

The Duppses sought to recover under their policy with Travelers for damage from the rock fall, and for the reduced value of their property caused by the potentially dangerous boulder. Travelers denied coverage on the grounds that the damage arose from earth movement, and was therefore excluded from coverage. The Duppses brought this action in the district court, arguing that their property damage claims came within the "sinkhole" exception to the policy exclusion.[3] The district court held that, as a matter of law, the policy excluded recovery, and granted Travelers' motion for summary judgment.

The interpretation of insurance policies involves questions of state law. See Bell Lumber & Pole Co. v. United States Fire Ins.

---

[3]The term "sinkhole" is defined in the policy as "the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite." Appellants' App. at 17.

<u>Co.</u>, 60 F.3d 437, 441 (8th Cir. 1995).  We review the district court's interpretation of Arkansas law de novo.  <u>See</u> <u>Salve Regina College v. Russell</u>, 499 U.S. 225, 231 (1991).  We also review the district court's grant of summary judgment de novo.  <u>See</u> <u>Tindle v. Caudell</u>, 56 F.3d 966, 969 (8th Cir. 1995).

This Court must construe the insurance contract between the parties to give effect to the parties' intent.  <u>Langley v. Allstate Ins. Co.</u>, 995 F.2d 841, 845 (8th Cir. 1993) (interpreting Arkansas law).  "In interpreting the language of an insurance policy or provision, words must be construed in their 'plain, ordinary popular sense.'"  <u>Id.</u> at 844-45 (quoting <u>CNA Ins. Co. v. McGinnis</u>, 666 S.W.2d 689, 691 (Ark. 1984)).  While "any ambiguity must be construed in favor of the insured," <u>id.</u> at 845, "ambiguity exists only if a term or provision is subject to more than one reasonable construction . . . ."  <u>Id.</u>  Under Arkansas law, "whether an insurance policy or provision is ambiguous is a question of law which the court decides, not the fact-finder."  <u>Id.</u> at 844.

The Duppses argue that the collapse of the cave was possibly a sinkhole collapse, and therefore whether the policy covered damage from the resulting rock fall presents a factual question for a jury.  While this is a creative argument, it ignores the policy's language, and the parties' clearly expressed intent.  The policy explicitly excludes recovery for damage caused by "earth movement," including a landslide, regardless of what might have caused the earth movement.  The ordinary meaning of the term "landslide" includes rocks falling down a bluff.  <u>See, e.g.</u>, <u>The Random House Dictionary of the English Language</u> 1080 (2d ed. 1987) (landslide means "the downward falling or sliding of a mass of soil, detritus, or rock on or from a steep slope").  We agree with the district court that the insurance policy in this case is not ambiguous, and that the only reasonable interpretation of the policy prohibits

recovery for rocks which have fallen on the Duppses' property.[4]

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]For the same reasons, the Duppses may not recover for the diminution of property value caused by the possibility of future rock falls.