United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1750
_____

Carolyn Sue Parnell, Administratrix of    *
the Estate of Melissa Ann Witt,    *
Deceased,    *
   *
       Appellant,    *    Appeal from the United States
   *    District Court for the
      v.    *    Western District of Arkansas.
   *       [UNPUBLISHED]
C & N Bowl Corporation, Inc. doing    *
business as Bowling World of Fort    *
Smith, Arkansas,    *
   *
       Appellee.    *

_____

Submitted: September 3, 1997

Filed: September 10, 1997
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Melissa Ann Witt was attacked on and abducted from the parking lot of C&N Bowl Corporation d/b/a Bowling World (Bowling World) in Ft. Smith, Arkansas, on December 1, 1994, and subsequently murdered elsewhere. Carolyn Sue Parnell, as administratrix of Witt's estate, brought this diversity action seeking to recover damages

for the wrongful death of Witt, contending that previous criminal activity on the parking lot created a legal duty on the part of Bowling World to protect Witt from the attack and abduction. The district court[1] granted summary judgment to Bowling World, concluding that Witt's assault and abduction was "sudden, unexpected and unforeseeable," and that as a matter of law Bowling World owed no duty to Witt. We affirm.

Because this is a diversity case, the substantive issues are governed by state law, and we review the district court's interpretation of state law de novo. See Dupps v. Travelers Ins. Co., 80 F.3d 312, 313 (8th Cir. 1996). We also review the grant of summary judgment de novo. See Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 795 (8th Cir. 1996).

The incidents that occurred on the Bowling World parking lot during the eighteen months prior to Witt's abuduction involved minor altercations, loitering, property damage, and car thefts. We agree with the district court that these incidents were not of a nature that created a legal duty on the part of Bowling World to protect Witt from the type of criminal activity that led to her abduction and death. See  Boren v. Worthen Nat'l Bank, 921 S.W.2d 934, 941 (Ark. 1996); Twin City Amusement Co. v. Salater, 372 S.W.2d 224, 226 (Ark. 1963).

Likewise, we conclude that the district court did not err in refusing to impose liability upon Bowling World on Parnell's alternative theory of liability under Section 324A of the Restatement (Second) of Torts (1965).

The judgment is affirmed.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.